IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JENNIFER JEAN COSSIO,           )
                                )
            Plaintiff,          )
                                )
      v.                        )           1:25CV967
                                )
RAY ARMINI, et al.,             )
                                )
            Defendants.         )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

This employment case is before the court on the second motion to dismiss by Defendant Starmount Forest Country Club, Inc. ("Starmount"). (Docs. 21, 22.) Plaintiff Jennifer Jean Cossio brings her claims pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). (Docs. 2, 11.) Cossio has filed a response in opposition (Doc. 24), to which Starmount never replied. For the reasons set forth below, Starmount's motion to dismiss will be granted.

## I. BACKGROUND

The facts, as alleged in Cossio's complaint, amended complaint, supplement, and attached exhibits and taken as true for purposes of Starmount's motion, show the following:[1]

_____

[1] On a motion to dismiss, a court may properly "consider documents that are explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (citation omitted).

Cossio worked as an event manager at Starmount from April 17, 2022, to October 3, 2024. (Doc. 2 at 14.) Throughout her employment, she experienced "constant bullying," harassment, and other "rude, condescending, [and] demeaning" behavior from several of her colleagues, especially Sanja Vujinovic. (Doc. 2-4 at 1-2.) Cossio alleges that Starmount failed to adequately address her complaints regarding her treatment by these colleagues. (Id.) She further alleges that, in July 2024, her general manager learned she had a disability that left her "unable to lift some of the heavy tables and stacks of chairs" at times required by her event manager position. (Doc. 2 at 14.) Starmount terminated Cossio's employment in October 2024, and she later discovered that it had replaced her with "three much younger employees." (Id.) According to Cossio, she had received positive evaluations throughout her employment and even "received a raise as recently as two months prior to [her] discharge." (Id.)

Cossio filed her pro se complaint in October 2025, alleging various federal and state law claims related to her employment with Starmount. (See Doc. 2.) The court dismissed most of the claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) on November 26, 2025, leaving only her claims against Starmount for discriminatory discharge in violation of the ADEA and the ADA. (Doc. 11 at 1-2.) About two weeks later, Cossio timely filed an amended complaint and supplement as a matter of

2

course pursuant to Federal Rule of Civil Procedure 15(a) in response to Starmount's first motion to dismiss. (Docs. 18, 19; see Docs. 15, 16.) Starmount then filed its second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 29, 2025. (Docs. 21, 22.) The motion is now fully briefed and ready for decision.

## II. ANALYSIS

### A. Standard of Review

Cossio proceeds pro se. Thus, her complaint is "not . . . scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But the liberal construction of a pro se litigant's filing does not require the court to ignore clear defects in it, Bustos v. Chamberlain, No. 09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers"). Moreover, pro se parties are expected to comply with applicable procedural rules. See Chrisp v. Univ. of N.C.-Chapel Hill, 471 F. Supp. 3d 713, 715-16 (M.D.N.C. 2020) (requiring pro se plaintiff to comply with the Federal Rules of Civil Procedure).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

3

Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-moving party's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). But the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 678. Thus, mere legal conclusions should not be accepted as true, and "[t]hreadbare recitals of the

4

elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

**B. Whether Cossio Has Properly Alleged Plausible Title VII Claims in the Amended Complaint and Supplement**

Starmount contends that the court's prior dismissal of her claims based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), preclude her from reasserting claims for discrimination, hostile work environment, and retaliation based on Title VII in her amended complaint and supplement. (Doc. 22 at 4.) It also argues that Cossio's amended complaint supersedes her original complaint and so, because the amended complaint fails to reallege her ADA and ADEA claims, she has waived the ADA and ADEA claims. (Id. at 5.) In response, Cossio fails to address the preclusive effect of the court's prior Order on her Title VII claims, but she asserts that the court should construe her amended complaint as a supplemental pleading and permit the ADA and ADEA claims to proceed in light of her pro se status.[2] (Doc. 24 at 1.)

As an initial matter, Cossio is correct in that her original and amended complaints will be considered together such that she

---

[2] In addition to failing to respond to Starmount's argument regarding the already dismissed claims, Cossio's response brief runs afoul of Local Rule 7.2(a), which requires that response briefs contain a concise statement of the facts, "supported by reference to a part of the official record," and an argument, "which shall refer to all statutes, rules and authorities relied upon." In fact, the response brief does not contain a single citation to any authority, pleading, or exhibit.

has not waived her ADEA and ADA claims.  See May v. Martin Fein Int. Ltd., No. 21-CV-00083, 2023 WL 6295125, at *2 (E.D.N.C. Sept. 27, 2023) ("[C]ourts in this circuit regularly consider factual allegations in a pro se plaintiff's original and amended complaint, and liberally construe filings associated with an amended complaint.").

The Title VII claims present a different story, however.  An unqualified dismissal for failure to state a claim operates "'as an adjudication on the merits' – meaning a dismissal with prejudice."  Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 (2020) (quoting Fed. R. Civ. P. 41(b)).  And here, in a Text Recommendation dated October 30, 2025, the Magistrate Judge found that Cossio failed to "allege facts that could support a claim under Title VII or a claim under any statute for retaliation or harassment."  The Recommendation was adopted and all of Cossio's claims were dismissed, except for those against Starmount for discriminatory discharge in violation of the ADEA and the ADA. (Doc. 11 at 1-2.)

Moreover, even if not barred by this court's prior dismissal, Cossio still has not sufficiently alleged facts to support the Title VII claims in the amended complaint and supplement.  "Title VII renders it 'an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of

6

employment, because of such individual's race, color, religion, sex, or national origin." Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 276-77 (4th Cir. 2015) (en banc) (alterations in original) (quoting 42 U.S.C. § 2000e-2(a)(1)). Title VII also "proscribes discrimination against an employee because, in relevant part, she 'has opposed any practice made an unlawful employment practice by [Title VII].'" Id. at 281 (quoting 42 U.S.C. § 2000e-3(a)). But here, the amended complaint and supplement conspicuously fail to even identify which protected characteristic would form the basis for her alleged claims.

Cossio alleges, for example, that she received "disparate treatment compared to similarly situated employees," she "was excluded from meetings, denied resources, and spoken to in a demeaning manner," and she "made good-faith complaints about mistreatment and discriminatory conduct" before experiencing "sudden increases in scrutiny, changes in her duties, and a hostile shift in management behavior." (Doc. 19 at 1-2.) She further alleges that one colleague frequently "fail[ed] to acknowledge" her and left work "without notifying her," and Starmount repeatedly informed her "at the last minute" that she would have to train newly hired staff "during her scheduled events" but never subjected other employees to a similar burden. (Id. at 2.) She also includes conclusory and vague allegations of "discriminatory treatment based on protected characteristics" and "undermining, exclusion,

7

disrespect, and targeted mistreatment, creating a hostile work environment." (Id.) None of these allegations plausibly suggests that she experienced discrimination because of a protected characteristic or because she complained of suspected violations of Title VII, however. The court will not scour the 56 pages of emails and notes attached to the original complaint, or the 60 pages of personal checks, text messages, and notes attached to the amended complaint, to further develop these claims on her behalf. See Gautier v. Tams Mgmt., Inc., 163 F.4th 786, 792 (4th Cir. 2026) ("Judges are not like pigs, hunting for truffles buried in the record . . . ." (quoting Murthy v. Missouri, 603 U.S. 43, 67 n.7 (2024))). Thus, the claims set forth in Cossio's amended complaint and supplement will be dismissed based on claim preclusion and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

C. **Whether Cossio Has Sufficiently Alleged an ADA Claim**

Starmount next argues that the ADA excludes and exempts private membership clubs from its provisions. (Doc. 22 at 6.) It contends that the complaint and attached exhibits admit that Starmount is a "private country club" that is "member owned" and "tax exempt pursu[ant] to section 501(c)(7)" of the Internal Revenue Code. (Id. at 6-7 (citing Doc. 2-4 at 5, 15, 31-32).) Cossio counters that whether Starmount qualifies as a private membership club presents a question of fact to be resolved through discovery. (Doc. 24 at 2.) She asserts that she has sufficiently

alleged that Starmount operates as a commercial enterprise by providing commercial banquet and event services to non-members. (Id.)

"To establish a claim for disability discrimination under the ADA, a plaintiff must prove '(1) that she has a disability, (2) that she is a "qualified individual" for the employment in question, and (3) that [her employer] discharged her (or took other adverse employment action) because of her disability.'" Jacobs v. N.C. Admin. Off. of the Cts., 780 F.3d 562, 572 (4th Cir. 2015) (alteration in original) (quoting EEOC v. Stowe-Pharr Mills, Inc., 216 F.3d 373, 377 (4th Cir. 2000)). Within the meaning of the ADA, "[t]he term 'employer' does not include . . . (ii) a bona fide private membership club (other than a labor organization) that is exempt from taxation under section 501(c) of Title 26." 42 U.S.C. § 12111(5)(B).

Starmount cites Hudson v. Charlotte Country Club, Inc., 535 F. Supp. 313, 315 (W.D.N.C. 1982), for the proposition that the court should dismiss Cossio's ADA claim based on the statute's private club exemption. (Doc. 22 at 7.) In Hudson, the court applied the private club exemption at the summary judgment stage where the defendant provided an affidavit from its club president, its articles of incorporation with the North Carolina Secretary of State, and a letter from the United States Internal Revenue Service

to demonstrate its status as a private membership club.[3]  <u>Hudson</u>, 535 F. Supp. at 315.  Here, on the other hand, Starmount only points to an email from Cossio attached to her original complaint where she acknowledges that the email's recipient "reminded" her that Starmount is "a privately member owned country club that is tax exempt pursu[ant] to section 501(c)(7)."  (<u>See</u> Doc. 2-4 at 32.)  In other emails, she describes Starmount as "a private country club" and "member owned," noting that its status "should NEVER give the right to violate any American[']s rights."  (<u>See</u> <u>id.</u> at 5, 15.)

At the Rule 12(b)(6) stage, these conclusory statements from Cossio, where she recites information she seems to have received from someone else, do not establish that Starmount falls within the ADA's private club exemption.  Nevertheless, Cossio's ADA claim still warrants dismissal based on her failure to allege sufficient facts to state a plausible claim to relief.

In the Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination attached to her original complaint, Cossio states that she made Starmount aware of her disability and

---

[3] The court in <u>Hudson</u> applied the private club exemption to dismiss a Title VII claim.  <u>Hudson</u>, 535 F. Supp. at 315.  Title VII and the ADA contain nearly identical private club exemption provisions.  <u>Compare</u> 42 U.S.C. § 2000e(b) (excluding "a bona fide private membership club . . . which is exempt from taxation under section 501(c) of Title 26" from Title VII's definition of "employer"), <u>with</u> 42 U.S.C. § 12111(5)(B)(ii) (excluding "a bona fide private membership club . . . that is exempt from taxation under section 501(c) of Title 26" from the ADA's definition of "employer").

10

that she was unable to lift some of the heavy tables and stacks of chairs. (Doc. 2 at 14.) She alleges that the general manager became aware of her disability in July 2024 and that Starmount terminated her employment for the stated reason of reconfiguring the special events department on October 3, 2024. (Id.) She further notes, however, that she "had received a raise as recently as two months prior to [her] discharge." (Id.) The original complaint and EEOC charge provide no other facts to causally connect her discharge to her disability.

If the court "'would have to "speculate" to "fill in the gaps"' regarding the defendant's motive, the circumstances do not warrant a reasonable inference of discrimination." Kelly v. Town of Abingdon, 90 F.4th 158, 169 (4th Cir. 2024) (quoting Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020)). And again, the court will not comb through Cossio's 100-plus pages of attachments to decipher whether her allegations plausibly link her disability to her termination. Thus, Cossio cannot sustain an ADA claim on such sparse factual allegations where, as here, the few facts provided contradict any discriminatory animus in that she received a raise one month after the general manager learned of her disability. Cossio also never alleges that this raise served as part of a scheme to frustrate her ability to succeed in a future claim. Cf. EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 402, 407 (4th Cir. 2005) (holding that an employer's scheme to give

11

favorable performance evaluations established a prima facie case of unlawful retaliation where the employer intended the evaluations to insulate it from civil liability). The court will therefore grant Starmount's motion to dismiss Cossio's ADA claim.

**D. Whether Cossio Has Sufficiently Alleged an ADEA Claim**

Finally, Starmount argues that Cossio has failed to allege any facts to connect her age as a motivating factor, much less the but-for cause, of her termination. (Doc. 22 at 9.) According to Starmount, Cossio's own statements belie any connection between her age and her termination. (Id.) Cossio responds that her allegations of her replacement by younger employees sufficiently state a plausible ADEA claim. (Doc. 24 at 2.)

The ADEA makes it unlawful for an employer to discharge any individual because of his or her age. See 29 U.S.C. § 623(a)(1). "To prevail on an ADEA claim, a plaintiff must prove by a preponderance of the evidence that age constituted the but-for cause of the adverse employment action." Bandy v. City of Salem, 59 F.4th 705, 710 (4th Cir. 2023). At the motion to dismiss stage, the plaintiff must allege facts sufficient to satisfy the elements of an ADEA cause of action. Tickles v. Johnson, 805 F. App'x 204, 207 (4th Cir. 2020) (per curiam) (quoting McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015)).

Here, Cossio alleges that Starmount "hired three much younger

12

employees into [her] position." (Doc. 2 at 14.)  She also provides her date of birth.  (Id. at 9.)  But the complaint and attachments are otherwise devoid of facts related to her age.  Tellingly, in one email from about a week after her termination, she states, "I feel like I have been discriminated against.  I'm not sure in what way whether it be, my age, my nationality or my sex.  I don't understand how it's ok, for over two years I complain over and over again regarding one particular employee . . . nothing ever changed."  (Doc. 2-4 at 17.)  Cossio's own uncertain speculation as to the reasons for her termination, coupled with her age and her allegations regarding "much younger" replacements, do not support a reasonable inference that her termination occurred because of her age.  See Connelly v. Guilford Cnty. Schs., No. 24cv492, 2025 WL 551896, at *6 (M.D.N.C. Feb. 19, 2025) (finding that conclusory claims of bullying, humiliation, scrutiny, and belittlement failed to plausibly allege an ADA discrimination claim where the complaint did not mention the plaintiff's age "beyond checking a box . . . and providing her date of birth").  The court will thus grant Starmount's motion to dismiss her ADEA claim.

### E.    Whether the Court Will Grant Cossio Leave to Amend

In her response brief, Cossio requests an opportunity to amend her pleadings in the event the court finds the pleadings deficient.  (Doc. 24 at 3.)  No motion to amend has been filed, however.

13

Absent an actual motion with proposed additional facts, the Fourth Circuit has declined to "find that requests made in opposition memoranda constitute a proper motion to amend." ACA Fin. Guar. Corp. v. City of Buena Vista, 917 F.3d 206, 218 (4th Cir. 2019). Nevertheless, in deference to Cassio's pro se status, the court's dismissal will be without prejudice should she seek to reassert her claims. The court will therefore withhold entry of judgment for 21 days should Cassio wish to file a motion to amend her complaint with a proposed amended complaint that cures the deficiencies noted herein.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Defendant Starmount's motion to dismiss (Doc. 21) is GRANTED, and the remaining claims of Plaintiff Cossio's complaint (Doc. 2) are DISMISSED WITHOUT PREJUDICE. The claims in her amended complaint (Doc. 18), which were previously dismissed, are DISMISSED WITH PREJUDICE. The court will withhold entry of judgment for 21 days should Cassio wish to file a motion to file an amended complaint that cures the deficiencies noted herein.

/s/   Thomas D. Schroeder
United States District Judge

June 4, 2026

14